IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM KELLAM, | : |
|                 Petitioner, | :    CIVIL ACTION |
| v. | :    NO. 19-4271 |
| BARRY SMITH, et. al. | : |
|                 Respondents. | : |

**Henry S. Perkin, M.J.**                                                                                              **August 14, 2020**

## MEMORANDUM

Petitioner asks the Court to stay his petition in order to "exhaust a claim that has been discovered on/about 8/20/2019" based on recently obtained evidence. (ECF No. 12, at 2.) The purportedly newly-discovered evidence is in the form of a June 1, 2007 statement from Jamal Lewis recanting his March 8, 2005 statement to the police concerning the robbery and shooting of Jimmy Williams, the victim in Petitioner's case. Petitioner maintains that, though this statement was taken by his co-defendant's investigator approximately five months before Petitioner's trial, it was not made available to him until August 20, 2019 and "could have had a possible impact upon the verdict had it been introduced."

Under limited circumstances, the United States Supreme Court has held that "it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state courts." *Rhines v. Weber*, 544 U.S. 269, 277–278. A stay and abeyance may be granted only where: (1) good cause exists for the petitioner's failure to exhaust all claims, (2) the unexhausted claims are not "plainly meritless," and (3) there is an absence of any indication that the petitioner is engaged in "potentially dilatory tactics." *Id.* at 278; *Heleva v.*

*Brooks*, 581 F.3d 187, 190–92 (3d. Cir. 2009). In such cases, *Rhines* directs the court to stay disposition as to exhausted claims contained in the petition and hold the petition in abeyance while the petitioner completes the exhaustion process. *Rhines*, 544 U.S. at 277–278.  As of the date of this order, Petitioner has not filed a second or successive PCRA petition in state court raising this issue of newly-discovered evidence. Because this Court finds that any claim would be meritless, we conclude that it would not be proper to for the Court to grant a stay.

At trial, the prosecutor alluded to the anticipated testimony of Jamal Lewis in his opening argument. However, when called to the stand, Mr. Lewis refused to testify. In his PCRA proceedings, Petitioner alleged that trial counsel was ineffective for failing to seek a curative instruction or a mistrial following the prosecutor's opening argument. The PCRA Court held that Petitioner was not entitled to relief on this claim because the prosecutor made the comments in good faith with the expectation that Mr. Lewis would testify. Further, the trial court found that Petitioner failed to establish that he was prejudiced as: (1) the trial court instructed the jury that arguments of counsel were not to be considered as evidence, (2) the trial court instructed the jury, after Lewis refused to testify, that he had not said anything of substance relating to the case, and (3) the evidence of Petitioner's guilt was overwhelming. On appeal, the Superior Court adopted the PCRA's opinion and affirmed the denial of PCRA relief. Accordingly, any ineffective assistance of counsel claim Petitioner intends to raise due to the prosecutor's testimony has already been exhausted before the state courts.

To the extent that Petitioner seeks to raise a claim of actual innocence based on this allegedly newly discovered evidence, this Court finds that such a claim would be meritless. Although the Supreme Court has left open the issue whether habeas corpus relief may ever be available for a freestanding innocence claim, "the threshold showing for [such a claim] would

necessarily be extraordinarily high." *McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011)(quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)). In this case the recantation statement at issue, of a non-testifying witness, is of at best questionable credibility and would not satisfy such a threshold. As the state court noted in its analysis of prejudice, the evidence of Petitioner's guilt, including that of two eyewitnesses, was overwhelming and established that Petitioner was an active participant in a conspiracy to rob the victim and that the victim's death was entirely foreseeable as a result of the plan to rob him at gunpoint.

As a final note, this Court agrees with Respondents that a second PCRA based on this newly discovered evidence would almost certainly be dismissed as untimely. Petitioner's judgment of sentence became final on November 30, 2011 and he had one year to file a timely petition for post-conviction review in the Pennsylvania state courts. See 42 Pa.C.S. § 9545(b). Accordingly, any petition based on this recantation statement would be facially untimely and Petitioner would have to plead and prove that an exception to the time bar applies. The only exception that could conceivably apply is the unknown facts exception which requires that the petitioner prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(ii). As noted above, the recantation statement was taken by Petitioner's co-defendant's investigator approximately five months before trial and Petitioner was tried jointly with this co-defendant. We agree with Respondents that Petitioner could have ascertained the existence of this evidence with the exercise of due diligence as both Petitioner and his codefendant shared the same list of witnesses and were jointly "ask[ing] their investigators to subpoena these witnesses" for trial. (N.T. 11/1/07, 89).