**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |
|---|---|
| **KAREEM KELLAM,**<br><br>                              **Petitioner,**<br><br>             **v.**<br><br>**BARRY SMITH,** *et al.*,<br><br>                              **Respondents.** | **CIVIL ACTION NO. 19-4271** |

**ORDER**

Petitioner Kareem Kellam has filed a habeas petition pursuant to 28 U.S.C. § 2254,
challenging his 2007 Pennsylvania conviction for second degree murder, robbery, and criminal
conspiracy. Kellam asserts three claims for relief: (1) violation of his Fifth, Sixth, and Fourteenth
Amendment rights due to the trial court's alleged error in permitting Wayne Holland, Kellam's
former cellmate, to testify;[1] (2) "violation of his Fifth Amendment rights due to the trial court's
error in refusing to issue a cautionary instruction as requested after the prosecution in its closing
statement allegedly commented on Petitioner's choice not to testify";[2] and (3) violation of his
Fifth, Sixth, and Fourteenth Amendment rights due to ineffective assistance of counsel.[3] The
Petition also alleges violations of Article 1, Sections 1 and 9 of the Pennsylvania Constitution
alongside each of Kellam's federal claims.[4] Magistrate Judge Lynne A. Sitarski has issued a

---

[1] Habeas Pet. [Doc. No. 1] at ECF pages 10–11.

[2] R&R [Doc. No. 34] at 4; *see also* Habeas Pet. [Doc. No. 1] at ECF pages 13–14.

[3] Habeas Pet. [Doc. No. 1] at ECF pages 16–19.

[4] *See* Habeas Pet. [Doc. No. 1] at ECF pages 10, 13, 16.

Report and Recommendation ("R&R") recommending the denial of Kellam's petition.[5] Kellam has not filed objections to the R&R.

As an initial matter, the Court notes that Kellam's claims under the Pennsylvania Constitution are not explicitly addressed by the R&R. The Court's limited jurisdiction under 28 U.S.C. § 2254 "extends only to assertions that federal law has been violated."[6] The Court cannot review a state court's adjudication of rights under state law, and the R&R correctly excludes those claims from discussion. To the extent that these pleadings represent independent claims, Kellam's claims under state law are dismissed for lack of jurisdiction.

The R&R concludes, and the Court agrees, that the federal claims Kellam asserts in Claims One and Two were not presented to the Pennsylvania courts. As a general matter, a prisoner seeking to challenge their state conviction in federal court under 28 U.S.C. § 2254 must have "exhausted the remedies available" in Pennsylvania's courts.[7] Although Kellam complained of the same conduct underlying these claims on state law grounds, under § 2254 "a claim is not 'fairly presented' if the state court 'must read beyond a petition or a brief . . . in order to find material' that indicates the presence of a federal claim."[8] Kellam presents no other grounds for this Court to waive this exhaustion requirement, and the Court adopts the R&R's conclusion that Claims One and Two are now procedurally defaulted.[9]

---

[5] R&R [Doc. No. 34].

[6] *Gaines v. Superintendent Benner Twp. SCI*, 33 F.4th 705, 713 (3d Cir. 2022).

[7] 28 U.S.C. § 2254(b)(1)(A).

[8] *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014) (alteration in original) (quoting *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)).

[9] *See* R&R [Doc. No. 34] at 9–16.

Claim Three, ineffective assistance of counsel, is broken into subparts (i)–(iv). In his Petition, Kellam concedes that Claim Three subparts (i), (ii), and (iv) were not exhausted due to amendments by his PCRA counsel and argues that this should be excused because "he is actually innocent of the crimes for which he was convicted and . . . it was a miscarriage of justice" for PCRA counsel not to assert these claims.[10]

"[T]here is a narrow class of cases in which, in order to avoid a fundamental miscarriage of justice, evidence of a petitioner's actual innocence" permits courts to ignore procedural barriers to relief like exhaustion.[11] However, "a petitioner must present new, reliable evidence" of his actual innocence "that was not presented at trial" in order for a court to ignore a failure to exhaust state remedies.[12] "As part of the reliability assessment of the first step, the court 'may consider how . . . the likely credibility of the witnesses bear on the probable reliability of that evidence,' as well as the circumstances surrounding the evidence and any supporting corroboration."[13]

Kellam alleges that the testimony of McCandless would rebut the testimony of one of the Commonwealth's witnesses, McCandless's then-boyfriend Robert White. Specifically, McCandless would allegedly testify that White, the owner of the gun with which the murder was committed, told her a different version of the robbery and murder for which Kellam was convicted.[14]

---

[10] Habeas Pet. [Doc. No. 1] at ECF pages 16, 19.

[11] *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010).

[12] *Id.* (citation omitted).

[13] *Reeves v. Fayette SCI*, 897 F.3d 154, 161 (3d Cir. 2018) (quoting *House v. Bell*, 547 U.S. 518, 537, 551 (2006)) (cleaned up), *as amended* (July 25, 2018).

[14] Habeas Pet. [Doc. No. 1] at ECF page 17.

The Court agrees with the R&R's conclusion that McCandless's purported testimony does not meet the standard for new and reliable evidence. McCandless was not an eyewitness; Kellam only claims that McCandless would testify that the version of events which White told her did not place Kellam at the scene of the robbery and murder for which he and his co-defendants were convicted.[15] Further, McCandless was actually present at Kellam's trial as a potential witness for both the prosecution and defense. However, neither side called her; as the prosecution explained on the record, without contradiction from Kellam's attorney, McCandless did not recall her earlier statements and had a pattern of active drug use that led counsel to believe she would be an unreliable witness.[16] On the record before this Court, Kellam has not established that McCandless's testimony makes this the "rare and extraordinary case where a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."[17] The Court adopts the R&R's conclusion that Kellam's Claim Three, sub-claims (i), (ii), and (iv) "are procedurally defaulted and his actual innocence argument fails" to cure this default.[18]

Claim Three subpart (iii) was presented in Kellam's state court proceedings, and is ripe for review on the merits. This claim alleges that Kellam's "[t]rial counsel rendered ineffective assistance . . . for failing to seek a curative instruction or mistrial following the prosecution's opening statements related to what the prosecution asserts would have been the testimony of a

---

[15] Habeas Pet. [Doc. No. 1] at ECF page 17.

[16] *See* Res. [Doc. No. 17] at 17.

[17] *Reeves*, 897 F.3d at 161 (internal quotation marks and citation omitted).

[18] R&R [Doc. No. 34] at 18.

commonwealth witness, Jamal Lewis."[19] Lewis was also present at Kellam's trial, but as Kellam describes it Lewis "refused to take the stand when called upon," was "physically force[d]" onto the witness stand in handcuffs and shackles, "and was a hostile and unruly witness."[20]

The Court agrees with the R&R's conclusion that Kellam has demonstrated neither ineffectiveness nor prejudice from the prosecution's inaccurate opening statement. As the Superior Court noted in Kellam's PCRA appeal, "'[a] prosecutor is not required to conclusively prove all statements' contained in her opening argument. If the prosecutor has a good faith and reasonable basis to believe that a certain fact will be established, he or she may properly refer to it during the opening argument."[21] Further, as the PCRA court noted, the trial judge in fact gave limiting instructions during the trial. Immediately after a failed second attempt to call Lewis to the stand, the trial judge informed the jury that Lewis had refused to testify, and cautioned the jury that they would "not be hearing from him" again and that what he had said on the stand "was really nothing of substance to the case."[22] Immediately before closing arguments, the trial judge separately cautioned the jury that counsel's "arguments are not evidence."[23] Given this record, the Court adopts the R&R's conclusion that Petitioner has not adequately asserted that the PCRA "state courts' reasoning involves an unreasonable application of *Strickland*," and so fails on the merits.[24]

---

[19] Habeas Pet. [Doc. No. 1] at ECF page 17.

[20] Habeas Pet. [Doc. No. 1] at ECF page 18.

[21] *Commonwealth v. Kellam*, 2018 WL 5918512, at *3 (Pa. Super. Ct. Nov. 13, 2018) (quoting *Commonwealth v. Brown*, 711 A.2d 444, 456 (Pa. 1998).

[22] *Commonwealth v. Kellam*, 51-CR-0806991-2006, Trial Tr. Nov. 1, 2007 at 95 (Phila. C.C.P. Nov. 1, 2007).

[23] *Commonwealth v. Kellam*, 51-CR-0806991-2006, Trial Tr. Nov. 5, 2007 at 107 (Phila. C.C.P. Nov. 5, 2007).

[24] R&R [Doc. No. 34] at 22–23.

**AND NOW,** this 1st day of September 2022, upon consideration of Petitioner's petition for habeas corpus relief, the record with respect thereto, and the Report and Recommendation of the Honorable Magistrate Judge Lynne A. Sitarski [Doc. No. 34], to which Petitioner has filed no objections, it is hereby **ORDERED** that:

1.      The Report and Recommendation [Doc. No. 34] is **APPROVED** and **ADOPTED**; and

2.      The Petition will be dismissed by separate Order.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**
